FILED
FEBRUARY 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 809**

| | | |
|---|---|---|
| **JUAN CASTILLO, JOSEPH MARTINI**, and **JONATHAN LOPEZ**, on behalf of themselves and all other Plaintiffs similarly situated known and unknown, | ) ) ) ) ) ) | No. |
| Plaintiffs, | ) ) | |
| v. | ) ) | **JUDGE LEINENWEBER** |
| **FIBRWRAP CONSTRUCTION, INC., R.D. INSTALLATIONS, INC., HEATH CARR, individually, and ROLANDE DALATI FYFE, individually**, | ) ) ) ) ) ) | **MAGISTRATE JUDGE COX** |
| Defendants. | ) | |

## COMPLAINT

NOW COMES, Plaintiffs, JUAN CASTILLO, JOSEPH MARTINI and JONATHAN LOPEZ on behalf of himself and all other Plaintiffs similarly situated, by and through his attorney, LAW OFFICES OF MARC PEKAY, and for their Complaint against Defendants, FIBRWRAP CONSTRUCTION, INC., R.D. INSTALLATIONS, INC., HEALTH CARR, individually, and ROLANDE DALATI FYFE, individually, states as follows:

### COUNT I – VIOLATIONS OF FAIR LABOR STANDARDS ACT

1.      This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., and the Portal-to-Portal Act, 29 U.S.C. §251 *et. seq*.

1

2.      Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206,207, the Portal-to-Portal Act, 29 U.S.C. §251 et seq., and 28 U.S.C. §1331.

3.      Venue lies in the Northern District of Illinois in that the Plaintiffs are residents of this district and the Defendants are engaged in business in this district.

4.      Defendants, FIBRWRAP CONSTRUCTION, INC., R.D. INSTALLATIONS, INC., HEALTH CARR, individually, and ROLANDE DALATI FYFE, individually, (hereinafter "Defendants") are engaged in the business of construction services for private and public industry.

5.      Plaintiffs, (hereinafter "the named Plaintiffs") and all other unnamed Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") are either present or past hourly employees of Defendants, employed as laborers for general construction.

6.      Pursuant to 29 U.S.C. §216(b), this action may be maintained by the Plaintiff Class, or by anyone for and on behalf of himself and other Plaintiffs similarly situated, who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 et. seq. and §251 et. seq.

7.      There exist past and present employees of the Defendant who are similarly situated to the named Plaintiffs in that those other similarly situated employees have performed the same or similar job duties as the named Plaintiff(s) and have been compensated in the same or similar manner as the named Plaintiff(s)

8.      For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time as determined by this Court is

necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. §216(b).

9. Pursuant to Title 29 USC §216(b), the Court shall, in addition to any judgment awarded the Plaintiff Class, allow reasonable attorneys' fees and costs of the action to be paid by Defendants.

10. In order to bring this cause of action, it has been necessary for the named Plaintiffs, and will become necessary for the other members of the Plaintiff Class, to employ attorneys to secure any judgment due them with regard to back overtime compensation.

11. The named Plaintiffs, and all other members of the Plaintiff Class, known and unknown, at all times pertinent to the cause of action, were or are employed by Defendants, said employment being integral and indispensable to Defendants' business.

12. On information and belief, Defendants have, both in the past and presently, employed members of the Plaintiff Class, including the named Plaintiffs, in excess of forty (40) hours in a workweek, but have failed to pay those individuals at a rate of time and one-half their regular hourly rate, pursuant to the requirements of the F.L.S.A.

13. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et. seq., and the Portal-to-Portal Act 29 U.S.C. §251 et. seq. The named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek during the two (2) years preceding the filing of this action.

14. On information and belief, Defendants have at all times relevant hereto failed and refused to pay compensation to its employees, including Plaintiffs herein, at the rate of one and one-half times their regular hourly wage rate for hours worked over forty (40) in a work week, all as required by the F.L.S.A.

15. Defendants' failure to pay compensation at the rate of one and one-half for all hours worked over forty (40) in a work week is a violation of the Fair Labor Standard Act.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

    A. Awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

    B. Awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

    C. Awarding Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

    D. For such additional relief as the Court deems appropriate under the circumstances.

**COUNT II – WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT**

16. Paragraphs 1 through 15 of Count I are realleged and incorporated as though set forth fully herein in Paragraph 16 of Count II.

17. On information and belief, Defendants have, both in the past and presently, willfully failed to pay the named Plaintiffs and members of the Plaintiff Class for work weeks in excess of forty (40) hours per week at a rate equal to one-half times

their regular rate of pay, despite the fact that Defendants knew, or should have known, of the requirements of the Fair Labor Standards Act.

18. Defendants continue a pattern of deliberate, voluntary, intentional and willful violation of the Fair Labor Standards Act.

19. Pursuant to the Fair Labor Standards Act, Plaintiffs, and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one half times their regular rate of pay for all the hours worked in excess of forty (40) in any given week in three (3) years preceding the filing of this Complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

   A.   Awarding back pay equal to the amount of all unpaid overtime compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

   B.   Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

   C.   Awarding Plaintiffs' reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

   D.   For such additional relief as the Court deems appropriate under the circumstances.

## COUNT III – LIQUIDATED DAMAGES

20. Paragraphs 1 through 15 of Count I and Paragraphs 16 through 19 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 20 of Count III.

21. In denying Plaintiffs and members of the Plaintiffs Class compensation at a rate of one and one-half times for hours worked over forty (40) in a workweek, Defendants' acts were not based upon good faith or reasonable grounds.

22. The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, the Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order as follows:

A. Awarding liquidated damages equal to the amount of all unpaid overtime compensation;

B. Awarding Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act;

C. For such additional relief as the Court deems appropriate under the circumstances.

## COUNT IV – PENDANT STATE COURT CLAIM
## ILLINOIS MINIMUM WAGE LAW

23. Paragraphs 1 through 15 of Count I, Paragraphs 16 through 19 of Count II and Paragraphs 20 through 22 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraph 23 of Count IV.

24. There exists a statute called the Illinois Minimum Wage Law, 820 ILCS § 105 et. seq., which requires employers to pay to employees a wage for hours over forty (40) in a workweek at a rate of not less than one and one-half times the employee's regular hourly rate.

25. This Court has jurisdiction over the Illinois state claim by virtue of 28 U.S.C. §1367.

26. The aforementioned Illinois statute provides for a statute of limitations of (3) three years from the date of the underpayment of the wage, without qualification.

27. The Illinois Minimum Wage Law allows corporate officers and agents to be personally liable for unpaid wages.

28. Under the Illinois Minimum Wage Law, Heath Carr, individually, and Rolande Dalati Fyfe, are employers and knowingly paid Plaintiffs and others similarly situated less than one and one-half times the employee's regular hourly rate.

29. As a result, the Plaintiffs and others similarly situated have been deprived of substantial amount of earnings.

30. The aforementioned Illinois statute also provides for Plaintiff to recover the amount of the wage underpayment as well as costs and reasonable attorneys fees as may be allowed by the Court.

WHEREFORE, Plaintiffs, on behalf of themselves, and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order as follows:

   A. Defendants, FIBRWRAP CONSTRUCTION, INC., R.D. INSTALLATIONS, INC., HEALTH CARR, individually, and ROLANDE DALATI FYFE, individually are jointly and severally liable for the unpaid overtime;

   B. Defendants, FIBRWRAP CONSTRUCTION, INC., R.D. INSTALLATIONS, INC., HEALTH CARR, individually, and ROLANDE DALATI FYFE, individually are jointly and severally liable for liquidated damages equal to all unpaid overtime compensation;

   C. Defendants, FIBRWRAP CONSTRUCTION, INC., R.D. INSTALLATIONS, INC., HEALTH CARR, individually, and ROLANDE DALATI

FYFE, individually, are jointly and severally liable for reasonable attorneys' fees and costs incurred as a result of violation of the Illinois Minimum Wage Law; and

D. For any other relief as the Court deems appropriate under the circumstances.

## COUNT V – ILLINOIS WAGE PAYMENT and COLLECTION ACT

31. Paragraphs 1 through 15 of Count I, Paragraphs 16 through 19 of Count II, Paragraphs 20 through 22 of Count III and Paragraphs 23 through 30 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraph 31 of Count V.

32. This Count arises out of the Illinois Wage Payment and Collection Act, 820 Ill. Comp. (hereinafter referred to as "IWPCA") Stat. 115 *et.seq*. which requires an employer to pay any compensation owed to an employee by an employer pursuant to an employment contract or agreement. 820 Ill. Comp. Stat. 115/2.

33. At all times mentioned herein, Defendants employed the Plaintiffs and others similarly situated, that it would pay them time and a half for all of the hours worked in excess of eight hours in any one day.

34. The IWPCA allows corporate officers and agents to be personally liable who knowingly permitted the corporation to violate the IWPCA.

35. Under the IWPCA, HEATH CARR, individually and ROLANDE DALATI FYFE, individually, are employers since they knowingly refused to pay the Plaintiffs their overtime under the contract.

36. In addition to not paying the overtime and on information and belief, Plaintiffs and others similarly situated were not paid the proper wages under the contract and were not paid for all hours worked under the contract.

8

37.    Both HEATH CARR and ROLANDE DALATI FYFE on behalf of themselves and on behalf of FIBRWRAP CONSTRUCTION, INC. and R.D. INSTALLATIONS, INC., refusal to pay Plaintiffs the proper wages, the proper hours and overtime under the contract violated the IWPCA.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order as follows:

A.    Defendants, FIBRWRAP CONSTRUCTION, INC., R.D. INSTALLATIONS, INC., HEALTH CARR, individually, and ROLANDE DALATI FYFE, individually are jointly and severally liable for the unpaid overtime, unpaid wages and unpaid hours ;

B.    Defendants, FIBRWRAP CONSTRUCTION, INC., R.D. INSTALLATIONS, INC., HEALTH CARR, individually, and ROLANDE DALATI FYFE, individually are jointly and severally liable for liquidated damages equal to all unpaid overtime compensation;

C.    Defendants, FIBRWRAP CONSTRUCTION, INC., R.D. INSTALLATIONS, INC., HEALTH CARR, individually, and ROLANDE DALATI FYFE, individually, are jointly and severally liable for reasonable attorneys' fees and costs incurred as a result of violation of the Illinois Wage Payment and Collection Act; and

D.    For any other relief as the Court deems appropriate under the circumstances.

### COUNT VI - WILLFUL VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

38.    Paragraphs 1 through 15 of Count I, Paragraphs 16 through 19 of Count II, Paragraphs 20 through 22 of Count III and Paragraphs 23 through 30 of Count IV and Paragraphs 31 through 37 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraph 38 of Count VI.

39.     HEATH CARR and ROLANDE DALATI FYFE on behalf of themselves and on behalf of FIBRWRAP CONSTRUCTION, INC. and R.D. INSTALLATIONS, INC. have willfully failed to pay Plaintiffs the proper wages, the proper overtime and the proper hours under the contract despite the fact that both HEATH CARR and ROLANDE DALATI FYFE knew, or should have known, of the requirements of the Illinois Wage Payment and Collection Act.

40.     HEATH CARR and ROLANDE DALATI FYFE on behalf of himself and on behalf of FIBRWRAP CONSTRUCTION, INC. and R.D. INSTALLATIONS, INC. failure to pay Plaintiffs their proper wages, proper overtime and proper hours under the contract was deliberate, voluntary, intentional and a willful violation of the Illinois Wage Payment and Collection Act.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order as follows:

    A.     Defendants, FIBRWRAP CONSTRUCTION, INC., R.D. INSTALLATIONS, INC., HEALTH CARR, individually, and ROLANDE DALATI FYFE, individually are jointly and severally liable for the unpaid overtime, unpaid wages and unpaid hours ;

    B.     Defendants, FIBRWRAP CONSTRUCTION, INC., R.D. INSTALLATIONS, INC., HEALTH CARR, individually, and ROLANDE DALATI FYFE, individually are jointly and severally liable for liquidated damages equal to all unpaid overtime compensation;

    C.     Defendants, FIBRWRAP CONSTRUCTION, INC., R.D. INSTALLATIONS, INC., HEALTH CARR, individually, and ROLANDE DALATI FYFE, individually, are jointly and severally liable for reasonable attorneys' fees and costs incurred as a result of violation of the Illinois Wage Payment and Collection Act;

    D.     Defendants pay additional penalties for the willful violation; and

E.   For any other relief as the Court deems appropriate under the circumstances.

## COUNT VII - VIOLATION OF THE ILLINOIS PREVAILING WAGE ACT

41.   Paragraphs 1 through 15 of Count I, Paragraphs 16 through 19 of Count II, Paragraphs 20 through 22 of Count III and Paragraphs 23 through 30 of Count IV, Paragraphs 31 through 37 of Count V and 38 through 40 of Count VI are re-alleged and incorporated as though set forth fully herein as Paragraph 41 of Count VII.

42.   This Count arises out of the Illinois Prevailing Wage Act. (hereinafter referred to as "IWPCA") which requires an employer to pay the prevailing hourly rate as paid for work of a similar character in the locality in which the work is performed, shall be paid to all laborers by or on behalf of any and all public engaged in public works.  820 ILCS 130/1 et seq.

43.   FIBRWRAP CONSTRUCTION, INC. and R.D. INSTALLATIONS, INC. was engaged in public work projects in performing construction work projects for the Chicago Public Schools.

44.   The Illinois Prevailing Wage Act allows corporate officers and agents to be personally liable who knowingly permitted the corporation to violate the Illinois Prevailing Wage Act.

45.   Under the Illinois Prevailing Wage Act, HEATH CARR, individually and ROLANDE DALATI FYFE, individually, are employers since they knowingly refused to pay the Plaintiffs the prevailing wage on public work jobs.

46.   Both HEATH CARR and ROLANDE DALATI FYFE on behalf of themselves and on behalf of FIBRWRAP CONSTRUCTION, INC. and R.D. INSTALLATIONS,

11

INC., refusal to pay Plaintiffs the prevailing wage violated the Illinois Prevailing Wage Act.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order as follows:

A. Defendants, FIBRWRAP CONSTRUCTION, INC., R.D. INSTALLATIONS, INC., HEALTH CARR, individually, and ROLANDE DALATI FYFE, individually are jointly and severally liable for the unpaid wages;

B. Defendants, FIBRWRAP CONSTRUCTION, INC., R.D. INSTALLATIONS, INC., HEALTH CARR, individually, and ROLANDE DALATI FYFE, individually, are jointly and severally liable for reasonable attorneys' fees and costs incurred as a result of violation of the Illinois Wage Payment and Collection Act; and

C. For any other relief as the Court deems appropriate under the circumstances.

## COUNT VIII – ALTER-EGO OF FIBRWRAP CONSTRUCTION, INC. and R.D. INSTALLATIONS INC.

47. Paragraphs 1 through 15 of Count I, Paragraphs 16 through 19 of Count II, Paragraphs 20 through 22 of Count III and Paragraphs 23 through 30 of Count IV, Paragraphs 31 through 37 of Count V, Paragraphs 38 through 40 of Count VI and Paragraphs 41 through 46 of Count VII are re-alleged and incorporated as though set forth fully herein as Paragraph 47 of Count VIII.

48. R. D. Installations, Inc. is a company engaged in the construction industry.

49. Fibrwrap Construction, Inc. is also a company engaged in the construction industry.

50. On information and belief, both companies have performed construction work on the same jobs, using the same laborers, the same equipment and performing the same work.

51. On information and belief, both companies are operating as the same company.

52. On information and belief, R.D. Installations, Inc. and Fibrwrap Construction, Inc. are alter-egos and they constitute a single employer so that the obligations of Fibrwrap Construction, Inc. to pay the Plaintiffs is based upon the collective bargaining agreement signed by R.D. Installations, Inc.

53. As an alter-ego, Fibrwrap Construction Inc. and R.D. Installations, Inc. are liable to the Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated for unpaid wages and overtime plus all other reasonable attorney fees and costs incurred by the Plaintiffs in having to collect on this Judgment.

WHEREFORE, Plaintiffs, on behalf of theselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order as follows:

A. that FIBRWRAP CONSTRUCTION INC. and R.D. INSTALLATIONS,INC.. are alter egos such that FIBRWRAP CONSTRUCTION INC. is liable for the obligations of R.D. INSTALLATIONS, INC.;

B. that FIBRWRAP CONSTRUCTION INC. and R.D. INSTALLATIONS, INC.. are liable jointly and severally liable for the unpaid wages;

C. Defendants, FIBRWRAP CONSTRUCTION, INC., R.D. INSTALLATIONS, INC. are jointly and severally liable for reasonable attorneys' fees and costs; and

D. For any other relief as the Court deems appropriate under the circumstances.

## COUNT IX – FRAUD

54. Paragraphs 1 through 15 of Count I, Paragraphs 16 through 19 of Count II, Paragraphs 20 through 22 of Count III and Paragraphs 23 through 30 of Count IV, Paragraphs 31 through 37 of Count V, Paragraphs 38 through 40 of Count VI, Paragraphs 41 through 46 of Count VII and Paragraphs 47 through 53 of Count VIII are re-alleged and incorporated as though set forth fully herein as Paragraph 54 of Count IX.

55. At all times material herein, HEATH CARR and ROLANDE DALATI FYFE were the principal officers of FIBRWRAP CONSTRUCTION INC. and R.D. INSTALLATIONS INC.

56. On information and belief, at all times material herein, HEATH CARR and ROLANDE DALATI FYFE operated and as already explained in paragraphs 47 through 53 of Count VIII operated FIBRWRAP CONSTRUCTION INC. and R.D. INSTALLATIONS INC. as a single employer.

57. HEATH CARR and ROLANDE DALATI FYFE, as principal officers, were aware and had knowledge of the Collective Bargaining Agreement between R.D. INSTALLATIONS INC. with the Union.

58. Pursuant to the Collective Bargaining Agreement, HEATH CARR and ROLANDE DALATI FYFE, knew or should have known that employees performing laborers work had to be paid at a certain wage rate, that laborers had to be paid the proper overtime, and had to paid for all hours worked.

59. On information and belief, between June 12, 2006 and October 10, 2007, the named Plaintiffs, were working for both FIBRWRAP CONSTRUCTION INC. and R.D.

INSTALLATIONS INC. on union jobs. However, the named Plaintiffs would receive two separate checks for the weeks they worked on these jobs. Some weeks the named Plaintiffs would receive a check from R.D. INSTALLATIONS INC. and would be paid the proper hourly rate per the Collective Bargaining Agreement. Some weeks, the Plaintiffs received checks from FIBRWRAP CONSTRUCTION INC. and would receive less than the hourly rate per the Collective Bargaining Agreement.

60. On information and belief, per the Collective Bargaining Agreement, the named Plaintiffs, were not paid for all the overtime they worked and they were not paid the proper hourly rate for the overtime that they were paid. They also were not paid for overtime that was banked.

61. On information and belief, the Plaintiffs were not paid for all hours worked. They were not paid for the time they worked through their lunch breaks or when running errands for the Company.

62. On information and belief, there exists other laborers who worked for R.D. INSTALLATIONS INC. and FIBRWRAP CONSTRUCTION INC. who also did not receive the proper wages, overtime and the proper hours.

63. Some of these jobs where this occurred was a job located at Midway Airport and a couple of jobs for the Chicago Public School. The name of these schools were Farnsworth Elementary, Shoop Elementary and Mark Twain.

64. Based on the above, HEATH CARR and ROLANDE DALATI FYFE by paying with FIBRWRAP CONSTRUCTION INC. checks were defrauding the employees by not paying the proper overtime and wages.

65. By HEATH CARR and ROLANDE DALATI FYFE using FIBRWRAP CONSTRUCTION INC. to perform the same jobs, using the same employees and having the employees perform the same work under the Collective Bargaining Agreement as R.D. INSTALLATIONS INC. conspired to defraud the laborers out of their wage, overtime and hours.  HEATH CARR and ROLANDE DALATI FYFE, individually, by engaging in this conspiracy, are personally responsible for the money owed by R.D. INSTALLATIONS INC. and FIBRWRAP CONSTRUCTION INC.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order as follows:

A. Order that HEATH CARR, individually and ROLANDE DALATI FYFE, individually, jointly and severally, liable for any and all amounts found due and owing;

B. All costs inn connection with Plaintiffs efforts to recover the unpaid wages and overtime including reasonable attorneys' fees and costs; and

C. Grant all other such legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

By: /S/ Idala Strouse

Idala Strouse
Marc Pekay
Law Offices of Marc Pekay
30 N. LaSalle St., Suite 2426
Chicago, IL 60602
312-606-0980

16

LAW OFFICES OF MARC M. PEKAY
30 N. LaSalle St., Suite 2426
Chicago, IL 60602
312-606-0980

## **CONSENT TO BE A PARTY PLAINTIFF**

This agreement, entered into on this 2 day of January, 2008 between JOSEPH MARTINI (Client) and MARC M. PEKAY (Attorney), hereby authorizes and engages the Law Offices of Marc Pekay to pursue back wages and other relief against FIBRWRAP CONSTRUCTION, INC., R.D. INSTALLATIONS, INC., HEATH CARR, individually and ROLANDE DALATI FYFE, individually and by his signature below, JOSEPH MARTINI, hereby consents to be a party Plaintiff in said lawsuit.

_____
Client's signature

LAW OFFICES OF MARC M. PEKAY
30 N. LaSalle St., Suite 2426
Chicago, IL 60602
312-606-0980

## **CONSENT TO BE A PARTY PLAINTIFF**

This agreement, entered into on this  1  day of January, 2008  between JONATHAN LOPEZ (Client) and MARC M. PEKAY (Attorney), hereby authorizes and engages the Law Offices of Marc Pekay to pursue back wages and other relief against FIBRWRAP CONSTRUCTION, INC., R.D. INSTALLATIONS, INC., HEATH CARR, individually and ROLANDE DALATI FYFE, individually and by his signature below, JONATHAN LOPEZ, hereby consents to be a party Plaintiff in said lawsuit.


_____
Client's signature

LAW OFFICES OF MARC M. PEKAY
30 N. LaSalle St., Suite 2426
Chicago, IL 60602
312-606-0980

## **CONSENT TO BE A PARTY PLAINTIFF**

This agreement, entered into on this __1__ day of January, 2008 between JUAN CASTILLO (Client) and MARC M. PEKAY (Attorney), hereby authorizes and engages the Law Offices of Marc Pekay to pursue back wages and other relief against FIBRWRAP CONSTRUCTION, INC., R.D. INSTALLATIONS, INC., HEATH CARR, individually and ROLANDE DALATI FYFE, individually and by his signature below, JUAN CASTILLO, hereby consents to be a party Plaintiff in said lawsuit.

_____
Client's signature